**In re ZED, INC., a California corporation, Debtor.**

**CENTRAL BANK, a National Banking Association, Plaintiff,**

v.

**ZED, INC., a California corporation, Defendant.**

**Bankruptcy No. 1–81–01396.
Adv. No. 1–82–0245.**

United States Bankruptcy Court,
N. D. California.

May 28, 1982.

Hoffman, Kelly, Stokes & Izmirian, William Kelly, James A. Tiemstra, Miller, Starr & Regalia, Jack C. Provine, San Francisco, Cal., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

CONLEY S. BROWN, Bankruptcy Judge.

Central Bank, plaintiff herein, having filed Complaint For Relief From Automatic Stay seeking modification of the automatic stay to permit Central Bank to foreclose upon deeds of trust on real properties owned by the debtor and plaintiff having filed Ex Parte Application For Order Authorizing Modification Of The Automatic Stay and said application having come on for hearing on May 5, 1982, and having been continued to May 19, 1982, for further hearing, William Kelly and Jack Provine appearing for plaintiff and David Cunningham appearing for defendant and the Court having received testimony and documentary evidence at said hearings and the matter having been submitted to this Court for its decision, the Court hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The debtor is a corporation which was formed August 24, 1981. The principals and officers of the debtor are Timothy O'Donohue, a real estate broker, and his two children.

2. The debtor does not now have and has never had a bank account, nor has the debtor ever had any money whatever. The debtor has never had any personal property whatever.

3. The debtor has never had any employees.

4. The debtor has never paid any bills or debts whatever.

5. The sole assets of the debtor are certain parcels of real property, as described in the complaint on file herein. Said real property was obtained by the debtor from Lehrer & Sons, Inc. The debtor paid no

money or other present value for said real property, but rather issued promissory notes as the full purchase price of said real property, said notes secured only by the real property. Neither Mr. O'Donohue, his children, nor any other party guaranteed any of the debtor's obligations, except such guarantees as may have existed prior to formation of the debtor.

6. The debtor did not have its own place of business, but shared offices with Mr. O'Donohue, which offices were shared with two other persons. The total rental upon the office space described was $500 per month, of which Mr. O'Donohue testified the debtor was to pay $100 per month. The debtor made no payments for such rent.

7. An attorney was employed to form the debtor as a corporation, but the attorney has not been paid for such services.

8. The debtor employed David Cunningham as its counsel to file these proceedings, but the debtor has paid no fees to Mr. Cunningham. Mr. O'Donohue paid $1,000 as a retainer to Mr. Cunningham, and agreed to pay the balance of his fees at an agreed hourly rate.

9. The debtor was from the beginning and remains until this date a mere shell, without substance and no capital whatever has been committed to the corporation for payment of creditors. The principals of the corporation have absolutely nothing at risk.

10. The real estate described in the complaint herein, which real estate was conveyed to the debtor by Lehrer & Sons, Inc., is subject to deeds of trust in favor of Central Bank, securing loans by Central Bank to Lehrer & Sons, Inc., which obligations have present balances due and owing of $925,591.16, secured by the real property located in the County of Sonoma, State of California, and $1,579,368.14, secured by real property located in the County of Solano, State of California. Prior to conveyance of the real properties by Lehrer & Sons, Inc. to the debtor, said loans had each become in default and Central Bank had properly recorded notices of default on each of the deeds of trusts securing said loans, the ninety day period for curing of said defaults had passed and Central Bank had recorded notices of trustee's sales under each of said deeds of trust. The conveyance by Lehrer & Sons, Inc. to the debtor and the filing of the Chapter 11 proceeding by the debtor immediately preceded the scheduled date for the foreclosure sales upon said properties. The conveyance of the properties by Lehrer & Sons, Inc. to the debtor and the filing of the Chapter 11 proceedings by the debtor were clearly for the sole purpose of obtaining an automatic stay preventing foreclosure by Central Bank under its deeds of trust, and clearly for the purpose of obtaining the benefit of the automatic stay without committing to the jurisdiction of the Bankruptcy Court any of the assets or property of Lehrer & Sons, Inc. or of Timothy O'Donohue or his children or of any other entity.

11. Formation of the debtor was a sham and a fraud upon Central Bank and the U. S. Bankruptcy Court. The debtor and its principals have abused the jurisdiction of this Court and have used the jurisdiction of this Court to promote their own individual interests as well as the interests of Lehrer & Sons, Inc., in a manner not intended by Congress in the enactment of Chapter 11 of the Bankruptcy Code.

12. No payments whatever have been made to Central Bank upon its secured loans during the pendency of these proceedings, nor for a period of some months prior thereto. The debtor has no means whatever to offer any adequate protection to Central Bank on its obligation.

13. There is no equity in the real property over and above the secured obligations owed Central Bank. In addition, upon the real property located in Solano County, there is a secured obligation in favor of Debra Homes, Inc. Although counsel for defendant has advised the Court that Debra Homes has stated its intention of waiving its security upon said obligation, which obligation is stated by the debtor to be in the sum of $168,500, no written document has been executed and delivered to the debtor effecting a release of said security interest and no party appeared on behalf of Debra Homes at the hearing on the application to state an intention of willingness that said security interest might be released.

14. The fair market values of the real properties now standing in the name of the debtor do not exceed the present balances owing to Central Bank secured by each of said properties.

15. Continuation of the automatic stay would cause economic loss to plaintiff.

16. The Chapter 11 case was not filed in good faith.

17. Although the debtor reportedly has certain unsecured creditors, each of these

are unsecured creditors of Lehrer & Sons, Inc., the obligation of which was ·incurred by Lehrer and assumed by the debtor. The entire scheme was merely one to attempt to obtain the benefits of these Chapter 11 proceedings to cure the financial problems of Lehrer & Sons, Inc., without the need for Lehrer & Sons, Inc. to file a petition pursuant to Chapter 11 on its own behalf and thereby commit the assets of Lehrer & Sons, Inc., or of O'Donohue, to the payment of claims of creditors into the jurisdiction of this Court.

## CONCLUSIONS OF LAW

1. The Chapter 11 case was not filed in good faith.

2. Plaintiff is entitled to immediate relief from the automatic stay by reason of lack of equity in the real property and the fact that the Chapter 11 case was not filed in good faith.

3. An order should be entered granting the relief from the automatic stay prayed for in plaintiff's application and terminating the stay against plaintiff immediately.

## ORDER MODIFYING AUTOMATIC STAY AS TO CENTRAL BANK

Plaintiff having filed Complaint For Relief From Automatic Stay and thereafter having filed Ex Parte Application For Order Authorizing Modification Of The Automatic Stay and said application having come on regularly for hearing on May 5, 1982, and thereafter having been continued for further hearing to May 19, 1982, William Kelly and Jack Provine appearing for plaintiff and David Cunningham appearing for defendant and the Court having received oral and documentary evidence and the matter having been submitted to this Court for its decision and the Court having made and entered its Findings Of Fact And Conclusions Of Law,

IT IS HEREBY ORDERED that the automatic stay be and it is hereby modified to permit Central Bank to take such steps as shall be necessary or proper to foreclose upon the deeds of trust executed by Lehrer & Sons, Inc. as trustor in favor of Central Bank as BENEFICIARY upon the real property described in Exhibit "A" hereto and Central Bank be and it is hereby authorized to record and serve such notices as shall be provided by law and to conduct such sales as shall be provided by law and to take such other steps as shall be necessary or proper to permit Central Bank to foreclose upon said deeds of trust.

## EXHIBIT "A"

No. 1—Solano County

Lots 1 through 86 inclusive, as shown on the map entitled: "Parkside, Unit No. 4, Vacaville, Solano County, California", which map was filed in the office of the Recorder of Solano County, California on December 5, 1979, in Book 38 of Maps, at Page 44.

No. 2—Sonoma County

At that certain real property situate in the unincorporated area of the County of Sonoma, State of California described as follows: Lots One through Fourteen, inclusive, as shown on the map entitled, "Agua Caliente Knolls Subdivision No. 2", filed on May 22, 1980 in Book 304 of Maps at Page 36, Sonoma County Records.